IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 05-00479 SPK-LEK |
|      Plaintiff, | ) ) | |
|   vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
|     Defendant. | ) ) | |
| CHARLES DANIELS, | ) ) | CIVIL NO. 05-00496 SPK-LEK |
|     Plaintiff, | ) ) | |
|   vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
|     Defendant. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS
AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") and Plaintiff-Intervenor Charles Daniels' ("Daniels") (collectively "Plaintiffs") Third Motion to Compel Production of Documents and for Sanctions ("Motion to Compel"), filed April 23, 2007. Defendant Lockheed Martin, doing business as Lockheed Martin Logistics Management, Inc. ("Lockheed"), filed its memorandum in opposition to the Motion on May 4, 2007. Also before the Court is Lockheed's Motion for Protective Order ("Protective Motion"), filed May 1, 2007. Plaintiffs filed their memorandum in opposition on May 14,

2007.  On May 16, 2007, Defendant filed a Reply, and amended it on May 17, 2007.

These matters came on for hearing on May 18, 2007. Appearing on behalf of Plaintiffs were Raymond Cheung, Esq., for EEOC (by phone) and Carl Varady, Esq., for Daniels.  William Ota, Esq., and Kenneth Robbins, Esq., appeared on behalf of Lockheed. Elena R. Baca, Esq., appeared pro hac vice on behalf of Lockheed. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' and Lockheed's Motions are HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will therefore only address the events that are relevant to the instant Motion. Daniels is an African-American male who was formerly employed as an avionic technician for Defendant.  He alleges claims of racial harassment and discrimination.

On August 1, 2005, EEOC filed a complaint against Defendant on Daniels' behalf.  Daniels filed a separate, but related, action against Defendant on August 4, 2005.  This Court permitted Daniels to intervene in the EEOC's case and the parties stipulated to consolidate the two actions.

On May 2, 2006, Daniels filed his First Motion to

Continue Trial Date and All Open Deadlines.  The request was prompted by Lockheed's delay in responding to Plaintiffs' January 27, 2006 and February 28, 2006 discovery requests.  One of the items in the January 27, 2006 request was for documents relating to other racial discrimination claims made against Lockheed, or its officers or employees, from 1999 to the present. This Court granted the continuance and ordered Lockheed to produce documents responsive to the January 27, 2006 request by May 19, 2006, and to produce a privilege log for withheld documents by June 2, 2006.

Lockheed produced a privilege log on June 2, 2006, but Plaintiffs argued that it did not adequately identify withheld documents.  Plaintiffs sought additional information and Lockheed submitted a supplemental privilege log on June 21, 2006.  The supplemental privilege log identified four documents that are protected by either attorney-client privilege, the work product doctrine, or both.  Plaintiffs argued that the documents were not properly identified and were not privileged.

Plaintiffs filed a Motion to Compel Production of Documents on July 29, 2006 ("2006 Motion to Compel").  In an order filed September 11, 2006 ("9/11/06 Order"), this Court granted the 2006 Motion to Compel in part and denied it in part. Based on Lockheed's representation that it had reviewed the requested files and that the filed contained no other

3

discrimination or harassment investigations against those

persons, the Court ruled that Lockheed had adequately responded

to Plaintiffs' request for personnel files.  [9/11/06 Order at

18.]  This Court ordered Lockheed to produce, *inter alia*:

> declarations or affidavits certifying that it has
> produced the complete, unredacted, personnel files
> of Gutierrez, McGee, Ader, Cooledge, and Carey,
> and that it has reviewed the other requested
> personnel files and found no evidence of other
> discrimination or harassment complaints.  Lockheed
> shall file the declarations or affidavits by
> October 11, 2006.

[Id. at 20-21.]

Lockheed, however, did not timely produce the

declarations or affidavits, prompting a status conference on

October 24, 2006.  In an October 25, 2006 minute order, this

Court ordered Lockheed to produce affidavits concerning the

review of the personnel files by November 6, 2006.  On

November 6, 2006, Lockheed's counsel, William Ota, submitted a

declaration stating that there was no documentation of other

discrimination or harassment complaints in the personnel files of

the nineteen employees.  Plaintiffs requested another declaration

because Mr. Ota was not a Lockheed employee.  On November 13,

2006, Regina Flint, the paralegal to Lockheed's Ethics Officer,

submitted a declaration stating that she had transmitted the

complete personnel files to Lockheed's counsel and that there was

no documentation of other discrimination or harassment complaints

in the requested personnel files.

4

On January 31, 2007, Plaintiffs filed a Second Motion to Compel and for Sanctions ("Second Motion to Compel"), alleging that Lockheed's representations in connection with the 2006 Motion to Compel, the Ota Declaration and the R. Flint Declaration were false.  On March 1, 2007, this Court granted Plaintiffs' request to compel the production of documents, ordering Lockheed to produce all non-privileged documents responsive to Daniels' request for "[d]ocuments that pertain, relate or refer to any complaints alleging racial discrimination, including without limitation, discrimination, hostile environment and retaliation, made against [Defendant] or any of [Defendant's] officers or employees during the period 1999 to the present" by March 19, 2007.  [Order Granting in Part and Denying in Part Pls.' Mot. to Compel Produc. of Docs. and for Sanctions ("March 1 Order") at 11.]   This Court denied Plaintiffs' request for default, establishment of the complaints' factual allegations, and striking of Lockheed's affirmative defenses.  [Id. at 17.] In addition, this Court denied without prejudice Plaintiffs' request for an extension of the discovery deadline and granted their request for attorney's fees and costs.  [Id.]

On March 19, 2007, Plaintiffs inspected and selected for copying documents produced by Lockheed.  Copying was not completed until March 28, 2007 because of Lockheed's desire to complete numbering and cataloging of the documents.  [Mem. in

Supp. of Mot. at 11.]  Lockheed produced a total of 11,428 pages.
[Id.]

I.  **Plaintiffs' Motion to Compel and for Sanctions**

    A.  **Compel Production of Documents**

         In the instant Motion to Compel, Plaintiffs argue that
the documents produced are incomplete and that there have been no
supplemental written responses to either of Daniels' First or
Second Requests for Production and EEOC's First Request for
Production.  [Id. at 11-12.][1]  Moreover, Plaintiffs argue that
Lockheed has violated the March 1 Order, by limiting its
production to claims investigated by Vonne Rudolph or Jacquie
Jones Mounts.  [Id. at 13.]  Plaintiffs seek immediate production
of all of the responsive documents pursuant to the Court's
orders.  [Id. at 14.]

         Separate and apart from the production issues,
Plaintiffs allege that Lockheed is reneging on its stipulation
regarding the depositions for Stephanie Montgomery, Jacquie Jones
Mounts, Frank Pratt and a substitute 30(b)(6) deponent for Fred
Chase.  [Id. at 15-16.]  Plaintiffs ask the Court to order that
these individuals appear without subpoena in San Francisco
between May 7 and 10 with all costs assessed to Lockheed.  [Id.
at 24.]  On April 27, 2007, the Court held a discovery conference

_____

         [1] Lockheed apparently provided some additional documents and
supplemental responses after Plaintiffs filed their Motion.

with the parties and ordered that Lockheed present the following
individuals for depositions in San Francisco:  Montgomery on May
9, 2007, Jones Mounts on May 8, 2007, Pratt and 30(b)(6) witness
on May 7, 2007.

    **B.**   <u>**Sanctions**</u>

      Plaintiffs first seek default against Lockheed because
of Lockheed's continuing misconduct and contempt shown towards
the Court, the civil process, and Plaintiffs.  [<u>Id.</u> at 26.]
Second, Plaintiffs urge the Court to deem the factual allegations
of the complaints established as a matter of law.  [<u>Id.</u> at 28.]
As a third sanction, Plaintiffs propose that the Court strike
Lockheed's defenses.  Lastly, Plaintiffs suggest the following
remedies:  1) extend the discovery deadline to permit Plaintiffs
to develop discovery regarding Lockheed and its parent companies'
patterns and practices, policies, investigation and remediation
addressing racial discrimination and harassment; 2) depose
Lockheed's corporate counsel, as to all other cases filed
internally or externally against Lockheed Martin Aircraft
Logistic Center subsidiaries, including Lockheed Martin Logistics
Management, Inc., alleging racial discrimination and harassment
during the period of 1999 to present; 3) require Lockheed to bear
all attorney's fees and costs reasonably associated with the
foregoing discovery as well as the instant motion; and 4) compel
production of documents related to any charges of racial

discrimination against all Lockheed entities from 1999 to the present, as well as the deposition of witnesses who have knowledge of the same, and to require Lockheed to exclusively bear all costs incurred in such further discovery. [Id. at 30-31.]

C.    **Lockheed's Opposition**

Lockheed primarily opposes the Motion on the grounds that Plaintiffs' requests are overbroad, burdensome, and unlikely to lead to relevant information.  Lockheed claims to have responded to Plaintiffs' requests by producing more than 13,000 pages of documents and serving responses and objections. [Opp'n at 1.]  According to Lockheed, it served Plaintiffs with supplemental responses and produced additional documents.  Based on its responses and production, Lockheed believes that the only remaining dispute is whether it must produce documents from all of its other entities. [Id. at 3-7.]

Lockheed contends that it has fully complied with the March 1 Order by collecting and producing complaints of harassment and discrimination related to LMLM, a division of Lockheed. [Id. at 11.]  Lockheed argues that the Court did not address the categories of documents presently at issue – complaints, policies, organization charts and similar records separately developed and maintained by all of its business units as well as its domestic and international facilities (totaling

8

almost 1,000) – nor were these documents at issue. [<u>Id.</u> at 12–13.]  Pursuant to the Order, Lockheed claims to have produced documents relating to complaints similar to Walker's, including documents from LMALC (larger organization that includes LMLM) as well as numerous other documents for each category at issue. [<u>Id.</u> at 13 n.5.]  As such, sanctions are not warranted. [<u>Id.</u> at 13.]

Lockheed maintains that the Court did not mandate the broad discovery search claimed by Plaintiffs and argues that Plaintiffs must explain why documents beyond LMLM would be relevant.  Such relevance must then be weighed against the tremendous burden of collecting information from all of Lockheed's business units and facilities worldwide. [<u>Id.</u> at 15.] Lockheed additionally contends that Plaintiffs' Motion is largely mooted by Lockheed's recent production of documents and supplemental responses. [<u>Id.</u> at 16–17.]

Lockheed expresses concern over Plaintiffs' allegations that it has reneged on the stipulation regarding depositions. Lockheed admits only to raising concerns about the scope of the depositions, but not to refusing to go forward with the depositions, which the Court ordered to proceed during the week of May 7, 2007. [<u>Id.</u> at 18.]  According to Lockheed, an issue remains, however, with respect to the scope of the 30(b)(6) deposition as well as whether Lockheed will have sufficient time

to locate and prepare a 30(b)(6) witness on the scope of

questioning that Plaintiffs seek.[2]  [Id.]

Lastly, Lockheed again emphasizes the tremendous burden

it would be forced to bear if Plaintiffs' discovery requests (to

produce beyond the scope of LMLM) were granted.  Lockheed

stresses that Daniels was only employed by LMLM during the time

period relevant to the instant litigation (1999-2001) and he did

not apply for positions with any other Lockheed entity.  [Id. at

21.]  Thus, any records pertaining to other divisions of Lockheed

are irrelevant and Lockheed should not be forced to undertake a

time-consuming and costly project.  Lockheed explains that each

of its units operates as a separate entity and retrieving records

that may or may not exist at each facility would be a monumental

task, especially in the case of non-electronic documents.  [Id.

at 22.]  Lockheed asserts that producing the 11,000 pages of

documents related to LMALC required more than 7 days of full time

effort by 3 people.  [Id.]  It therefore requests that the Court

deny Plaintiffs' Motion.  [Id. at 23.]

I.    **Lockheed's Motion for Protective Order**

Lockheed bases both its Protective Motion and its

opposition to Plaintiffs' Motion to Compel on the same grounds.

Again, Lockheed emphasizes that the main dispute between the

---

[2] Lockheed did not produce a 30(b)(6) witness for deposition
as scheduled and ordered by the Court on April 27, 2007.

parties is whether Plaintiffs are entitled to discovery from all
of Lockheed's business areas and units.  [Memo. in Supp. of Mot.
at 1-2.]   In its Motion, Lockheed seeks a protective order
limiting its production obligation to LMLM (versus the entirety
of Lockheed Martin Corporation) with respect to the following
areas:  1) Plaintiffs' request for all complaints of workplace
violations; 2) all policies concerning unlawful discrimination;
3) hiring information; and 4) performance evaluation practices
and policies.  [Id. at 3-4.]   Recognizing that district courts
have broad discretion to decide whether a protective order is
appropriate and to what degree, Lockheed argues that good cause
exists to limit Plaintiffs' discovery requests to LMLM and
preclude discovery into all operations by Lockheed Martin
Corporation.  [Id. at 10-11.]

> ### A.   **Plaintiffs' request for information as to all complaints**

Lockheed argues that the discovery should be limited to
those 11,000 pages of documents already produced, which consist
of 40 complaints of individuals from all entities under LMALC who
complained of racial discrimination.  [Id. at 12.]   Moreover,
Lockheed asserts that Plaintiffs cannot articulate a legal or
factual rationale that would outweigh the burden of collecting
this information.   Stressing the undue burden it would suffer if
forced to produce documents from all of its business units,
Lockheed seeks to limit Plaintiffs' requests unless Plaintiffs

can show a more particularized need and relevance for production
of all complaints at every business unit and facility for
Lockheed Martin worldwide from 1999 to the present.  [Id. at 13.]

   B.   **Plaintiffs' request for all policies concerning
        unlawful discrimination**

        Lockheed urges the Court to deny or limit Plaintiffs'
requests for all policies from all of Lockheed Martin Corporation
because Daniels was subjected only to LMLM policies.  Lockheed
asserts that there is an absence of evidence that any of Daniels'
alleged harassers or employment decision-makers had access to or
relied on the policies of business units outside of LMLM.  [Id.
at 16.]  Absent a showing of particularized need, Lockheed
maintains that Plaintiffs' requests should be denied or limited
to LMLM policies.

   C.   **Hiring information**

        Lockheed seeks to limit discovery on hiring information
because Daniels has not brought or administratively exhausted any
failure to hire claim against any of Lockheed Martin
Corporation's entities.  [Id. at 18.]  Lockheed secondly argues
that there is no merit to Plaintiffs' argument that Lockheed must
have understood that Daniels had a failure to hire claim because
he was questioned about his post-employment reemployment offers.
[Id. at 20.]   Third, Lockheed emphasizes the great time and
expense required to produce documents from all of its entities

12

and prepare a 30(b)(6) witness[3] in order to provide Plaintiffs with information that it argues is unrelated to Plaintiffs' claims.  [<u>Id.</u> at 20-21.]

    **D.**   **<u>Performance evaluation policies and practices</u>**

       Lockheed seeks to limit production of performance evaluations policies and practices based on its belief that there are no issues related to performance evaluations in Daniels' claims.  [<u>Id.</u> at 21.]  As with the other requests for which it seek a protective order, Lockheed argues that Plaintiffs have not demonstrated how any minimal relevance of the information sought would outweigh the burden of producing the same.  [<u>Id.</u>]

    **E.**   **<u>Plaintiffs' Opposition</u>**

       In their Opposition, Plaintiffs first argue that the Motion is untimely based on a stipulation entered into by the parties that set March 30, 2007 as the deadline for filing discovery motions.  [Opp'n at 7.]  Additionally, Plaintiffs point out that the Rule 16 Scheduling Order set April 6, 2007 as the discovery deadline.  All discovery motions and conferences made or requested should have accordingly been heard thirty days prior to the deadline.  [<u>Id.</u> at 8.]  Plaintiffs assert that Lockheed not only failed to comply with the deadlines set by the Court, but also failed to seek an extension of time that would permit it

---

     [3] Plaintiffs seek deposition testimony on every open aircraft electrician position and filled within any related Lockheed Martin related company.

to file the Motion.

In light of Lockheed's discovery abuses, Plaintiffs contend that Lockheed is unable to meet the good cause requirement that would permit a modification of the scheduling order.  [Id. at 8-9.]  Plaintiffs point to the following to demonstrate that Lockheed cannot meet its burden of establishing good cause:  1) Lockheed has delayed the litigation by abusing discovery, for which the Court has imposed sanctions; 2) Lockheed already extended the discovery deadlines when it added Kenneth Robbins to its legal team; now it has added another law firm after the expiration of the motions deadlines; 3) the Court had to compel Lockheed, after a year and a half of Lockheed's stonewalling, to produce documents and make witnesses available; 4) the Court sanctioned Lockheed for its failure to adhere to the rules.  [Id. at 9-10.]

With respect to the protective order itself, Plaintiffs argue that the issue is moot because both parties have submitted proposed protective orders for the Court's consideration. Plaintiffs maintain that they are still amenable to entering into a protective order regarding produced documents.

Plaintiffs also characterize the Motion as a transparent and untimely motion for reconsideration of the March 1 Order.  [Id.]  Plaintiffs note that Lockheed reiterates arguments already considered and rejected by the Court.  If

14

Lockheed's Motion were thus construed as a motion for reconsideration, it would be untimely and without merit. [_Id._ at 11.] In further objection to Lockheed's Motion, Plaintiffs allege that Lockheed failed to satisfy Local Rule LR 37.1's requirement that the parties meet and confer prior to filing discovery motions. [_Id._ at 12.]

Lastly, Plaintiffs address Lockheed's argument that discovery should be limited to LMLM by arguing that the interrelatedness of Lockheed Martin Corporation's human resources operation justifies the production of documents from all companies. Plaintiffs explain that Jacquie Jones Mounts confirmed that the human resources divisions have interrelated practices and responses to complaints of workplace discrimination. [_Id._ at 13.] According to Plaintiffs, Ms. Jones Mounts admitted to sending files of discrimination complaints made against LMALC to the Vice President of Lockheed Martin Corporation's Equal Employment Opportunity Programs. [_Id._ at 13.] Plaintiffs also seek the documents from Lockheed companies other than LMALC and LMLM because Daniels worked for other Lockheed entities under inter-company work transfer agreements. [_Id._]

**F.   Lockheed's Reply**

In its Reply, Lockheed reiterates that Plaintiffs have not demonstrated a particularized need for the discovery they

seek to obtain.  [Reply at 1, 3-4.]  Lockheed purports to have

established the undue burden it would face if forced to produce

all documents that Plaintiffs request.  [_Id._ at 4-5.]

        Lockheed further asserts that Plaintiffs' allegations

of procedural and technical violations do not address the good

cause issue.  First, Plaintiffs' argument that the Motion

violated the scheduling order and that Lockheed did not seek

relief from the same is moot, given that the Court allowed

Lockheed to move for a protective order.  Second, although

Plaintiffs assert that Lockheed failed to show good cause for an

extension of deadlines in the scheduling order, Lockheed

maintains that the issue is whether it can establish good cause

for its Motion, which the Court allowed it to file.  Third,

Plaintiffs' proposed protective order only addressed

confidentiality, whereas Lockheed additionally seeks the

protective order to avoid undue burden and harassment.  Fourth,

Plaintiffs' characterization of the Motion as one for

reconsideration of the March 1 Order is nonsensical, as the Court

has not previously considered the issues in this Motion.  Last,

Lockheed has in fact attempted to meet and confer with Plaintiffs

on numerous occasions.  [_Id._ at 5-6.]

        In response to Plaintiffs' argument regarding the

interrelatedness of Lockheed Martin Corporation's human resources

operations, Lockheed explains that Plaintiffs cannot substantiate

16

their claim nor is relatedness relevant.  [Id. at 7.]  According

to Lockheed, Plaintiffs mischaracterize Jones Mounts' testimony

because after Jones Mounts admitted that she sent files to the

vice president of Lockheed Martin Corporation's Equal Employment

Opportunity Program, she noted that such communication was rare.

[Id. at 9.]  Lockheed also states that Stephanie Montgomery

testified that the different lines of business have their own

individual HR component.  [Id.]  Lockheed additionally counters

the relatedness argument by clarifying that even though Daniels

worked for other entities under inter-office work transfer

agreements, he remained a LMLM employee.  [Id. at 10.]  As a

final point, Lockheed emphasizes that interrelatedness has no

bearing on the determination of good cause.

### DISCUSSION

At the hearing, the Court narrowed the scope of the

motions to only those discovery issues that are actually

outstanding.  The Court, while acknowledging Plaintiffs'

contention that the Protective Motion should be procedurally

barred due to its untimely filing, focused on the Protective

Motion as opposing the Motion to Compel.

The following discovery issues remain:  1) status of

supplemental responses; 2) missing documents – the corporate

policy referenced in the Patterson memo; the zero-tolerance

policy; the memo attached to an email exchange between

Ms. Montgomery and Ms. Jones Mounts (document no. lm5766); and
the cause determination/findings attached to a fax transmitted to
Vance Holley on February 26, 2001 (lockheed document no. 2,510);
3) 30(b)(6) witness deposition; and 4) protective order.  The
Court notes that the discussion in this Order shall be limited to
these four discovery issues and the Court will address the issue
regarding the scope of production required of Lockheed (i.e.
limited to LMALC or beyond LMALC) in a separate order.

I.   **Motion to Compel**

         Federal Rule of Civil Procedure 26(b) provides:
"Parties may obtain discovery regarding any matter, not
privileged, that is relevant to the claim or defense of any party
. . . . [or] reasonably calculated to lead to the discovery of
admissible evidence." Id.  Relevancy, for purposes of Rule
26(b), is a broad concept that is construed liberally.
"Discovery is not limited to the issues raised only in the
pleadings, but rather it is designed to define and clarify the
issues." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal.
1992) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,
351 (1978)).

         Plaintiffs requested the following documents at the
hearing:  1) the corporate policy referenced in the Patterson
memo; 2) the zero-tolerance policy; 3) the memo attached to an
email exchange between Ms. Montgomery and Ms. Jones Mounts

(document no. lm5766); and 4) the cause determination/findings attached to a fax transmitted to Vance Holley on February 26, 2001 (lockheed document no. 2,510).  Ms. Baca agreed that Lockheed would produce these documents to the extent they exist and/or can be found.  This Court therefore GRANTS Plaintiffs' request to compel production of these documents and ORDERS Lockheed to produce them by May 29, 2007.

With respect to other production, Plaintiffs argue that they are entitled to documents from Lockheed Martin Corporation, not just LMLM and LMALC.  Lockheed insists that it need only produce documents from LMLM, but that it has, as a courtesy, produced documents from LMALC as well.  The Court will determine whether Lockheed must produce documents relating to entities of Lockheed Martin Corporation, other than LMLM and LMALC, in a separate order.

There also remains the issue of the 30(b)(6) witness deposition.  At the April 27, 2007 discovery conference, the Court ordered Lockheed to produce a 30(b)(6) witness on May 7, 2007 for deposition.  Lockheed did not comply.  The Court again ORDERS Lockheed to produce a 30(b)(6) witness for deposition in San Francisco, California at a time to be determined by the parties.

## II.   **Discovery Sanctions**

Federal Rule of Civil Procedure 37 states, in pertinent

19

part:

> If a party or an officer, director, or managing
> agent of a party or a person designated under Rule
> 30(b)(6) or 31(a) to testify on behalf of a party
> fails to obey an order to provide or permit
> discovery, including an order made under
> subdivision (a) of this rule or Rule 35, or if a
> party fails to obey an order entered under Rule
> 26(f), the court in which the action is pending
> may make such orders in regard to the failure as
> are just, and among others the following:
> (A) An order that the matters regarding which
> the order was made or any other designated facts
> shall be taken to be established for the purposes
> of the action in accordance with the claim of the
> party obtaining the order;
> (B) An order refusing to allow the
> disobedient party to support or oppose designated
> claims or defenses, or prohibiting that party from
> introducing designated matters in evidence;
> (C) An order striking out pleadings or parts
> thereof, or staying further proceedings until the
> order is obeyed, or dismissing the action or
> proceeding or any part thereof, or rendering a
> judgment by default against the disobedient
> party[.]

Fed. R. Civ. P. 37(b)(2).  This section allows courts to impose

sanctions for failure to comply with the court's discovery

orders.  See Fed. R. Civ. P. 37(b)(2) advisory committee's note

(1970 Amendment).  Courts can apply Rule 37(b)(2) to enforce oral

orders as well as minute orders.  See Yourish v. Cal. Amplifier,

191 F.3d 983, 987 (9th Cir. 1999) (discussing Henry v. Sneiders,

490 F.2d 315 (9th Cir. 1974)).  "Rule 37(b)(2) contains two

standards--one general and one specific--that limit a district

court's discretion.  First, any sanction must be 'just'; second,

the sanction must be specifically related to the particular

20

'claim' which was at issue in the order to provide discovery."

Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

Because Lockheed failed to produce their 30(b)(6) witness on May 7, 2007, the Court finds that sanctions are appropriate.  As a consequence of failing to produce a 30(b)(6) witness, Lockheed shall not only bear the expense of producing and preparing the witness for deposition, but also the cost of Mr. Varady's airfare, the court reporter and two copies of transcripts (one for EEOC and one for Daniels).  The Court finds that such a sanction is just and specifically relates to Lockheed's failure to produce the witness for deposition as directed by the Court.  The Court therefore orders Lockheed to pay for the foregoing expenses related to the 30(b)(6) deposition.

Plaintiffs also argue that this Court should:  enter default against Defendant; deem the factual allegations in the complaints established as a matter of law; strike Defendant's affirmative defenses; extend the discovery deadline to permit Plaintiffs to develop discovery; permit Plaintiffs to depose Lockheed's corporate counsel; award attorney's fees and costs related to the motion; and compel production of documents related to any charges of racial discrimination against Lockheed Martin Corporation from 1999 to the present and compel depositions of

21

witnesses with knowledge of the same, all at Lockheed's expense.

Default is a terminating sanction and the establishment of all factual allegations or the striking of Defendant's affirmative defenses would also effectively resolve the case in Plaintiffs' favor.  This Court cannot impose such harsh sanctions as "mere penalties".  See United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)).  A court's use of sanctions must be tempered by due process.  See id.  Thus, the harshest sanctions are inappropriate if the failure to comply was due to a party's inability to comply or to circumstances beyond the party's control.  See id.  In order to warrant terminating sanctions, the party's conduct must have been "due to willfulness, fault, or bad faith."  See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (citations and quotation marks omitted).

Lockheed claims to have supplemented its responses and produced documents related to LMLM and LMALC in compliance with the March 1 Order.  The remaining dispute is therefore limited to whether Lockheed must produce documents pertaining to entities in addition to LMLM and LMALC.  Although the Court admonishes Lockheed for waiting nearly a year and a half to object to the scope of production, there is an absence of proof in the record

that its failure to produce documents from entities beyond LMLM

and LMALC was willful or in bad faith.  This Court therefore

finds that terminating sanctions are not appropriate in this

case.  Plaintiffs' request for default, establishment of the

complaints' factual allegations, or striking of Defendant's

affirmative defenses is therefore DENIED.

Plaintiffs also seek an extension of the discovery

deadline to further develop discovery.  At the hearing, the Court

extended the discovery deadline to August 31, 2007.  The Court

noted, however, that it issued the new deadline solely for the

purpose of completing outstanding discovery issues, not to reopen

discovery.  Accordingly, Plaintiffs' request is GRANTED in part

and DENIED in part.  Because the Court ordered that no new

discovery will take place, Plaintiffs' request to depose

Lockheed's corporation counsel is DENIED.

As another sanction, Plaintiffs seek their attorneys'

fees and costs incurred in bringing the instant Motion.  In lieu

of, or in addition to, any of the sanctions listed in Rule

37(b)(2),

> the court shall require the party failing to obey
> the order or the attorney advising that party or
> both to pay the reasonable expenses, including
> attorney's fees, caused by the failure, unless the
> court finds that the failure was substantially
> justified or that other circumstances make an
> award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).  In the instant case, Lockheed's

23

purported failure is its decision to limit production to LMLM and LMALC.  Given that the Court has yet to decide whether the scope of discovery should be limited to LMLM and LMALC, Lockheed was substantially justified in producing documents related only to LMLM and LMALC as opposed to Lockheed Martin Corporation in its entirety.  This Court therefore DENIES Plaintiffs' request for attorneys' fees and costs.

Plaintiffs lastly request that the Court compel production of documents related to any charges of racial discrimination against Lockheed Martin Corporation from 1999 to the present and compel depositions of witnesses with knowledge of the same, all at Lockheed's expense.  As previously discussed, the Court will issue a ruling on the scope of production in a separate order.

## III. **Protective Order**

Although Federal Rule of Civil Procedure 26(b) permits rather broad discovery so long as the discovery is relevant and not privileged, Rule 26(c) authorizes courts to issue protective orders upon good cause shown.  Rule 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a

24

> deposition, the court in the district where the
> deposition is to be taken may make any order which
> justice requires to protect a party or person from
> annoyance, embarrassment, oppression, or undue
> burden or expense, including one or more of the
> following:
>       (1) that the disclosure or discovery not be
> had;
>       (2) that the disclosure or discovery may be
> had only on specified terms and conditions,
> including a designation of the time or place;
>       (3) that the discovery may be had only by a
> method of discovery other than that selected by
> the party seeking discovery;
>       (4) that certain matters not be inquired
> into, or that the scope of the disclosure or
> discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).

> Rule 26(c) also provides that

> If the motion for a protective order is denied in
> whole or in part, the court may, on such terms and
> conditions as are just, order that any party or
> other person provide or permit discovery.  The
> provisions of Rule 37(a)(4) apply to the award of
> expenses incurred in relation to the motion.

Id.

At the hearing, the parties agreed to approve a protective order proposed by Lockheed.  This protective order addresses confidentiality.  The Court will address Lockheed's request for a protective order limiting the scope of production to LMLM and LMALC in a separate order.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Third Motion to Compel Production of Documents and for Sanctions, filed April 23, 2007, is HEREBY GRANTED IN PART and DENIED IN PART.  This Court

GRANTS Plaintiffs' request to 1) compel the production of the corporate policy referenced in the Patterson memo; the zero-tolerance policy; the memo attached to an email exchange between Ms. Montgomery and Ms. Jones Mounts (document no. lm5766); and the cause determination/findings attached to a fax transmitted to Vance Holley on February 26, 2001 (lockheed document no. 2,510); 2) order the deposition of a 30(b)(6) witness, with Lockheed to bear the cost of Mr. Varady's airfare, the court reporter, and two transcripts; and 3) extend the discovery deadline to August 31, 2007, but only for the limited purpose of completing outstanding discovery.  Lockheed shall produce the four documents by May 29, 2007.  This Court DENIES Plaintiffs' Third Motion to Compel and for Sanctions in all other respects.

Defendant Lockheed's Motion for Protective Order is HEREBY GRANTED IN PART and DENIED IN PART.  It is granted to the extent that the parties will agree to the protective order submitted by Lockheed regarding confidentiality.  The Court will issue a separate order addressing the scope of production required of Lockheed.  The Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 21, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


EEOC V. LOCKHEED, ETC; CIVIL NO. 05-00479 & 05-00496 SPK-LEK;
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER