IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 05-00479 SPK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |
| CHARLES DANIELS, | ) ) | CIVIL NO. 05-00496 SPK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER (PART II)**

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") and Plaintiff-Intervenor Charles Daniels' ("Daniels") (collectively "Plaintiffs") Third Motion to Compel Production of Documents and for Sanctions ("Motion to "Compel"), filed April 23, 2007. Defendant Lockheed Martin, doing business as Lockheed Martin Logistics Management, Inc. ("Lockheed"), filed its memorandum in opposition to the Motion on May 4, 2007. Also before the Court is Lockheed's Motion for Protective Order ("Protective Motion"), filed May 1, 2007. Plaintiffs filed their memorandum in opposition on May 14,

2007.  On May 16, 2007, Defendant filed a Reply, and amended it on May 17, 2007.

These matters came on for hearing on May 18, 2007.  Appearing on behalf of Plaintiffs were Raymond Cheung, Esq., for EEOC (by phone) and Carl Varady, Esq., for Daniels.  William Ota, Esq., and Kenneth Robbins, Esq., appeared on behalf of Lockheed.  Elena R. Baca, Esq., appeared pro hac vice on behalf of Lockheed.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' and Defendant's Motions are HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

As an initial matter, the Court notes that this Order supplements the Order entered on May 22, 2007, and will resolve the issue of whether Lockheed is required to produce documents beyond the scope of LMLM and LMALC.  Because the parties and the Court are familiar with the factual and procedural background of this case, the Court will only address the events that are relevant to the instant Motions.[1]

On March 1, 2007, the Court entered an order directing Lockheed to produce all non-privileged documents responsive to

---

[1] See Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel and for Sanctions and Defendant's Motion for Protective Order, entered on May 22, 2007 ("May 22 Order") for a detailed summary of the arguments set forth in Plaintiffs' and Defendant's Motions.

Daniels' request for "[d]ocuments that pertain, relate or refer to any complaints alleging racial discrimination, including without limitation, discrimination, hostile environment and retaliation, made against you or any of your officers or employees during the period 1999 to the present."[2] [Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Production of Documents and for Sanctions ("March 1 Order") at 11.] Plaintiffs interpret this to require Lockheed to produce documents from all of its entities. Conversely, Lockheed insists that it need only produce documents related to LMLM and that it has, through no obligation, produced documents relating to LMALC. Lockheed cites the undue burden it would face if compelled to produce documents from all of its entities.

At the hearing, Mr. Varady proposed that production could be limited to those entities for which Daniels worked, in addition to LMLM, under inter-officer work transfer agreements ("IWTA"). The second category of production suggested by Mr. Varady is anything falling under the fax transmittal to Vance Holley, dated February 26, 2001; that is, charges of discrimination or harassment in any ALC entity that ALC reported to the parent company. Plaintiffs partly base their request for production beyond the scope of LMLM on the fact that LMLM is

---

[2] In their Motion to Compel, Plaintiffs note that they offered to limit the time period to 1999-2004.

3

merely an accounting device that contracts with other Lockheed entities.

Lockheed disputes Plaintiffs' assertion that LMLM is an accounting device.  It also claims that the second category of documents sought by Plaintiffs are subsumed in the records already produced.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence." Id.  Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally. Amendments to the rule in 2000, however, were "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26 advisory committee's notes; see also Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 967-68 (9th Cir. 2004); Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005).  Indeed, district courts "'have substantial discretion to curtail the expense and intrusiveness of discovery' in limiting an adverse party's request for broad discovery of personnel files." Balderston v. Fairbanks Morse Engine Div. of Coltec Industries, 328 F.3d 309, 320 (7th Cir. 2003) (quoting Gehring v. Case Corp., 43 F.3d 340,

342 (7th Cir. 1994)). "Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" Elvig, 375 F.3d at 968.

In Title VII cases, greater latitude in discovery has been recognized. "The Supreme Court has acknowledged that, in Title VII cases, liberal civil discovery rules give plaintiffs broad access to document their claims." Sallis, 408 F.3d at 478 (citing Onwuka v. Federal Express Corp., 178 F.R.D. 508 (D. Minn. 1997)) (internal quotations omitted). Unnecessary limitations on discovery in Title VII should thus be avoided, as the proof "required to demonstrate unlawful discrimination may often be indirect or circumstantial." Miles v. Boeing Co., 154 F.R.D. 117, 119 (E.D. Pa. 1994).

Rule 26(c), however, authorizes courts to issue protective orders upon good cause shown. Rule 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which

> justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>     (1) that the disclosure or discovery not be had;
>     (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>     (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>     (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).

Rule 26(c) also provides that

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Id.

In Title VII cases, courts have imposed limitations on the discovery of company records, including: reasonable time period before and after discriminatory event; local facility or work unit of the plaintiff, in the absence of need for regional or nationwide discovery; plaintiff's job category; type of action alleged by plaintiff (i.e. hiring, promotion, discharge); and the type of alleged discrimination (i.e. race, sex, age). Sallis, 408 F.3d at 478; Lyoch v. Anheuser-Busch Cos., Inc., 164 F.R.D. 62, 65 (E.D. Mo. 1995); see also Balderston, 328 F.3d at 320 (upholding district court decision limiting discovery to the

relevant corporate department, similarly situated employees, time period, and decisionmakers in age discrimination case).

This Court has previously ruled that "the occurrence of other incidents of discrimination is relevant to the issue of notice and the sufficiency of Lockheed's preventative programs and measures." [September 11, 2006 Order at 18.] The concern, however, is that due to Lockheed's size, such production would be unduly burdensome. The Court acknowledges that requiring Lockheed to produce the documents from all of its entities is burdensome.

Generally speaking, "[a]bsent a showing of 'particularized need and relevance' plaintiffs may not compel discovery from related corporations or even separate units of the same corporation." Brown v. American Honda Motor Co., Inc., 939 F.2d 946, 954 (11th Cir. 1991) (quoting Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978)). The issue is thus whether Plaintiffs have demonstrated a particularized need and relevance for documents relating to entities that contracted with LMLM and for which Daniels worked, under IWTAs. Here, Plaintiffs' particularized need is that the information sought from the other entities for which Daniels worked goes directly to Lockheed's notice of discrimination in light of its zero tolerance policy. Such information is therefore relevant and necessary for Plaintiffs to establish their claims. The instant

case is distinguishable from those where the court limited discovery to the facility or entity that actually employed the plaintiff.  See, e.g., id. (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1084-85 (11th Cir. 1990)) (holding that "[t]he hiring practices used by a related subsidiary involved in production and located in Ohio are simply not relevant to the intent of a separate corporation involved in sales and located in Georgia"); Sallis, 408 F.3d at 478 (holding that because plaintiff spent ten years working in the parking and transportation services department at the University of Minnesota and his allegations of discrimination focus only on the supervisors there, discovery was limited to parking and transportation services); Marshall, 576 F.2d at 592 (denying plaintiff's interrogatory requests encompassing 7,500 employees in thirty-two districts and three manufacturing plants because plaintiff made no attempt to show particularized need or relevance).  Indeed, during the course of his employment, Daniels was not confined to one office in one state.  Additionally, under the IWTAs, Daniels worked for different Lockheed entities over the course of his tenure.  The Court cannot therefore limit Plaintiffs' discovery to LMLM.  Trevino v. Celanese Corp., 701 F.2d 397, 405-06 (5th Cir. 1983) (district court judge overstepped bounds in limiting discovery to one plant when the theory of the case centered around the pattern of discrimination

8

in the promotion and transfer of employees in an integrated enterprise). Accordingly, Plaintiffs are entitled to documents from those Lockheed entities for which Daniels worked, under IWTAs.

For the same reasons, the Court finds that Plaintiffs are entitled to charges of harassment or discrimination against any ALC entity for which Daniels worked, under IWTAs, that ALC reported to the parent company (such as the charge discussed in the fax transmittal to Vance Holley). The Court recognizes that Lockheed may have already produced such documents or that the documents will be subsumed in the production compelled in this Order. Consequently, the Court orders Lockheed to produce said documents to the extent any documents remain after the foregoing production.

As a final matter, the Court will address the time period for which Plaintiffs are entitled to documents. Plaintiffs initially sought documents for the time period 1999 to the present, but claim to have since proposed 1999 to 2004 to Lockheed as an alternative. Time periods are typically limited to a reasonable number of years both prior to and after the discriminatory event. Id.; Miles, 154 F.R.D. at 119. Given that Daniels alleges discriminatory conduct beginning in 2000 and continuing through 2001, the time period 1999 to 2004 is reasonable. See, e.g., id. (period of just over two years from

date of alleged discrimination is not overly broad and is relevant); Lyoch, 164 F.R.D. at 65-70 (permitting discovery for a period of eight years, and where plaintiff did not specify a time period, for five years).

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Third Motion to Compel Production of Documents and for Sanctions, filed April 23, 2007, and Defendant's Motion for Protective Order, filed May 1, 2007, are HEREBY GRANTED IN PART and DENIED IN PART with respect to the scope issue.  The Motions are GRANTED to the extent that the Court hereby orders Lockheed to produce documents relating to charges of racial discrimination or harassment during the period 1999 to 2004 for 1) entities for which Daniels worked under IWTAs and 2) any ALC entity for which Daniels worked under IWTAs that ALC reported to the parent company.  Lockheed shall produce these documents by June 11, 2007.  The Motions are DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 29, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**EEOC V. LOCKHEED, ETC.; CV NOS. 05-00479 & 05-00496 SPK-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER (PART II)**