IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 05-00479 SPK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |
| CHARLES DANIELS, | ) | CIVIL NO. 05-00496 SPK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO TRANSFER VENUE**

Before this Court, pursuant to a designation by Senior United States District Judge Samuel P. King, is Defendant Lockheed Martin, dba Lockheed Martin Logistics Management, Inc.'s ("Lockheed") Motion to Transfer Venue ("Motion"), filed on June 29, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, the supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY

FINDS and RECOMMENDS that Lockheed's Motion be DENIED for the
reasons set forth below.

## BACKGROUND

As the parties and the Court are familiar with the
background of this case, the Court will only address those facts
relevant to the instant Motion.  Lockheed filed the instant
Motion, seeking the immediate transfer of the case to Greenville,
South Carolina.  Lockheed cites a number of facts in support of
its Motion: LMLM and LMALC are located in Greenville; Daniels is
a resident of south Carolina and was never a resident of Hawai'i
(his only connection being his temporary assignment on a project
for 121 days in 2001); and EEOC has a local office in Greenville.
Lockheed concedes that Daniels filed his administrative charge
with the Honolulu EEOC office, but notes that the San Francisco,
not Honolulu, office initiated the litigation.

Lockheed also asserts that discovery has revealed that
Hawai'i is largely unrelated to Daniels' claims.  Most notably,
Lockheed points out that none of the 19 individuals thus deposed
are Hawai'i residents and of the 32 individuals identified as
potential witnesses, 11 reside or work in South Carolina, 17
reside or work on or near the east coast, and the remainder
reside or work in California, Colorado, Washington or Montana.

Lockheed next contends that it can satisfy the
requirements set forth in 28 U.S.C. § 1404(a) for transferring

venue.  First, Lockheed maintains that Daniels could have brought his action in Greenville.  Specifically, Lockheed proffers that if Daniels initiated the action in South Carolina, his claim would have satisfied Title VII's venue provision requiring actions to be brought in the district where 1) the unlawful practice was allegedly committed; 2) the relevant employment records are maintained; or 3) the plaintiff would have worked but for such practice.  Lockheed notes that 1) Daniels complains of harassment while working in Hawai'i, Washington and South Carolina; 2) he alleges retaliation by individuals in South Carolina; and 3) it maintains and administers employment records in Greenville.

Second, Lockheed argues that transfer to Greenville will serve the convenience of the parties and witnesses and serve the interests of justice.  According to Lockheed, all the parties are in South Carolina and only Mr. Robbins, Mr. Varady, and Daniels' expert are in Hawai'i.  Although EEOC's San Francisco Office initiated the lawsuit, Lockheed notes that EEOC has an office in Greenville and it would not be more convenient for EEOC to litigate in Hawai'i than South Carolina.  Lockheed also asserts that transfer will serve the convenience of the witnesses because all but one reside in South Carolina or the east coast. It is likewise Lockheed's position that transfer will serve the

interests of justice; that is, it will promote efficiency (i.e. evidence is all in South Carolina; only the district of South Carolina would have the power to compel unwilling South Carolina witnesses to appear; travel costs would be more affordable) and a closer nexus exists with South Carolina (i.e. there is local interest in having localized controversies decided at home, as the alleged conduct occurred primarily in South Carolina).

Last, Lockheed urges the Court to give little deference to Daniels' choice of forum based on the fact that he does not reside in Hawai'i nor did the operative facts occur here.

On July 16, 2007, Plaintiffs filed their Opposition. They initially contend that there is a strong factual nexus to Hawai'i because many of the critical events supporting Daniels' harassment and retaliation claims occurred here. They also emphasize that Daniels raises a Hawai'i Revised Statutes § 378-2 claim. As another basis for denying the Motion, Plaintiffs argue that Daniels would incur significant expense if the Court transferred the case. Notably, Plaintiffs contend that Daniels' counsel would have to travel to Greenville for an extended amount of time, which will likely double fees and costs assessed to Daniels. Plaintiffs moreover represent that based on information from Daniels' employer, it is very probable that he will be hired for a project in Hawai'i and would be living here during the trial.

4

Plaintiffs highlight the fact that the Motion is untimely because the deadline for non-dispositive motions expired on April 20, 2007.  As such, Plaintiffs argue that Lockheed should have, but did not, request a modification of the scheduling order.  Plaintiffs point out that even if Lockheed had sought modification of the order, it cannot establish good cause for its delay.  Lockheed has had the information it now relies upon since the inception of the lawsuit (and even possibly as early as 2001) and has offered no explanation for why it waited two years after the commencement of the action and months after the non-dispositive motions deadline expired to request a change of venue.  Moreover, Plaintiffs charge that Lockheed has delayed the litigation through its discovery misconduct.

Regarding Lockheed's substantive arguments, Plaintiffs argue that given the strong presumption in favor of their choice of forum, Lockheed has a significant burden in moving to transfer venue.  Plaintiffs urge the Court not to disturb their choice of venue because they properly filed the action here.  To support their choice of venue, Plaintiffs assert that coworkers and supervisors harassed and retaliated against Daniels during his assignment in Hawai'i, Daniels raises claims under Hawai'i law, and the only reason Daniels left Hawai'i was because his supervisor reassigned him to Maine, where he was forced to work with the very team that had previously threatened his life.

5

Plaintiffs further argue that Lockheed's delay should factor against it.  Plaintiffs stress that at this late stage in the litigation, discovery is completed with the exception of the 30(b)(6) deponent whom Lockheed failed to produce in violation of this Court's order.  Additionally, the only reason that the Court continued the trial to February 2008 was because of Judge King's schedule and Lockheed's local counsel's trial schedule.  Moreover, Lockheed has repeatedly abused the discovery process.  Plaintiff submits that by waiting for two years before seeking a change of venue, Lockheed has waived its venue objection.

As an additional basis for denying the Motion, Plaintiffs assert that delay would result.  Plaintiffs note that Lockheed misrepresented to the Court that the trial would not be delayed upon transfer to Greenville.  To the contrary, an inquiry to the district court by Plaintiffs revealed that only one district judge sits in Greenville who is currently calendaring trials more than a year from the date of scheduling.

According to Plaintiffs, another reason for denying the Motion is that Plaintiffs would be greatly inconvenienced, and inconveniences should not shift from Lockheed to Plaintiffs.  For example, neither Plaintiff is represented by a South Carolina licensed attorney.  Because the district courts there require applications for admission pro hac vice as well as an association with local counsel to sign all filings and to appear at hearings

6

and trial, Plaintiffs explain that they would have to assign an EEOC attorney licensed in South Carolina to the case and Daniels would have to retain local counsel, which would be duplicative and wasteful at this late stage of litigation.  Plaintiffs point out that taxpayers' dollars would be wasted if the EEOC South Carolina office were forced to take on this case and they express concern that Daniels may not be able to retain counsel on a contingency fee basis, which would force him to incur significant costs for work already completed by Mr. Varady.  Further, when balancing the financial resources of Daniels with Lockheed, it is clear that Lockheed can more readily bear the cost of traveling to Hawai'i for trial than Daniels can in bearing the costs for a trial in South Carolina.

In response to Lockheed's emphasis on the convenience of witnesses, Plaintiffs counter that the majority of deposed witnesses live outside of South Carolina and would consequently be beyond the subpoena power of the court there.  Plaintiffs also assert that Daniels currently resides in Georgia, but will likely reside in Hawai'i in February 2008.  Noting the vast geographic distribution of the witnesses, Plaintiffs posit that a transfer would not guarantee their attendance.  Plaintiffs note that in anticipation that some subpoenaed witnesses would not appear, they deposed all key witnesses, preserving the testimony in transcript and videotape.  Because Lockheed only took Daniels'

deposition and failed to preserve witness testimony for trial, Plaintiffs urge the Court to deny it's untimely motion.

Last, Plaintiffs characterize as a red herring Lockheed's argument that the location of documents serves as a grounds for transfer.  Plaintiffs explain that all relevant documents are already in Hawai'i with Lockheed's local counsel and the exchange of electronic documents has made the location of documents inconsequential.

On July 23, 2007, Lockheed filed its Reply.  Initially, Lockheed argues that its Motion is timely.  Respecting the merits of the Motion, Lockheed reiterates that the Court should transfer the action to South Carolina.  First, Lockheed emphasizes that the convenience of witnesses weighs in favor of transfer because at least ten of its trial witnesses would be subject to compulsory process in South Carolina and all work in or reside closer to South Carolina than Hawai'i.  Second, Lockheed contends that South Carolina is more convenient for itself and Daniels, and equally convenient for EEOC.  Third, Lockheed postulates that Plaintiffs' choice of forum is entitled to little weight, if at all.  Lockheed reasons that Plaintiffs engaged in forum shopping, Daniels does not reside in Hawai'i, and the operative facts have little or no connection with Hawai'i.  Finally, Lockheed again argues that the interest of justice weighs in favor of transfer. Included with the Reply were evidentiary objections to excerpts

from Daniels', Laura B. Regan's, and Gwendolyn Young Reams'

Declarations.[1]

## DISCUSSION

Section 1404(a) of Title 28 of the U.S. Code governs

venue.  It provides: "For the convenience of parties and

witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where

it might have been brought."[2]  The purpose of the section is to

"to prevent the waste 'of time, energy and money' and 'to protect

litigants, witnesses and the public against unnecessary

inconvenience and expense . . . .'"  Van Dusen v. Barrack, 376

U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-

585, 364 U.S. 19, 26-27 (1960)).  Section 1404(a) vests

"discretion in the district court to adjudicate motions for

---

[1]   Insofar as this Court has not relied on the contested
statements or has independently discovered certain facts or law,
it need not address Lockheed's objections.

[2]   28 U.S.C. § 1391(a) states:

> A civil action wherein jurisdiction is founded
> only on diversity of citizenship may, except as
> otherwise provided by law, be brought only in (1)
> a judicial district where any defendant resides,
> if all defendants reside in the same State, (2) a
> judicial district in which a substantial part of
> the events or omissions giving rise to the claim
> occurred, or a substantial part of property that
> is the subject of the action is situated, or (3) a
> judicial district in which any defendant is
> subject to personal jurisdiction at the time the
> action is commenced, if there is no district in
> which the action may otherwise be brought.

9

transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted).

The Ninth Circuit has stated that courts must weigh multiple factors in considering a motion for change of venue. <u>See</u> <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

<u>Id.</u> at 498-99 (internal footnotes omitted).

As an initial matter, the Court finds that Lockheed's Motion is untimely. The Court's November 16, 2006 Rule 16 Scheduling Order designated April 20, 2007 as the deadline for non-dispositive motions. Lockheed did not file the instant Motion until June 29, 2007, more than two months later. The Court notes that Lockheed's delay is particularly inexcusable given that the facts relied upon by Lockheed to support transfer were evident long before it filed the instant Motion, some even as early as the commencement of the lawsuit. <u>But</u> <u>see</u>, <u>e.g.</u>,

10

<u>Moore v. McKibbon Bros., Inc.</u>, 41 F. Supp. 2d 1350, 1357 (N.D. Ga. 1998) (finding timely a motion to transfer venue because the plaintiffs had adequate reason for filing when they did; that is, it was only after visit to doctor that one of the plaintiffs found out that travel to the venue would be detrimental to her); <u>Martin-Trigona v. Meister</u>, 668 F. Supp. 1, 3 (D.D.C. 1987) (finding that delay in filing motion to transfer was not due to dilatory strategy because it was not until dismissal of one party that an "opportunity for a section 1404(a) transfer first presented itself in a realistic light").

Lockheed cites several cases in its Reply, including the two cases just cited, for the proposition that the existence of a scheduling order does not bar a motion to transfer venue, all of which are inapposite.  None deal with the present issue of untimeliness based on a court-imposed scheduling order deadline for non-dispositive motions.[3]  Federal Rule of Civil Procedure 16(b)(2) confers upon this Court the authority to enter a scheduling order that limits the time to file motions.  As

---

[3]  <u>Staats v. Robinson Helicopter Co.</u>, CIV. No. 88-3601 (CSF), 1989 WL 16071, *1, *3 (D.N.J. 1989), involved a motion to transfer filed after the parties commenced discovery.  Although the plaintiffs alleged delay, the court found that the circumstances, including the fact that no trial date had been set, did not estop the defendant from moving for transfer.  The court noted, however, that motions to transfer venue should be raised early in the litigation.  Here, discovery is completed, with the exception of the matters outstanding due to Lockheed's failure to earlier comply, and trial is set for February 2008.

Lockheed failed to comply with the non-dispositive motions deadline set forth in the scheduling order, the Court finds that Lockheed's Motion is untimely and RECOMMENDS that the district court deny the Motion.  Had Lockheed filed the Motion early in the litigation, the convenience of the parties may have favored transferring the action to South Carolina.

Even if Lockheed filed this Motion by April 20, 2007, this Court nevertheless finds that transfer is inappropriate.  In applying § 1404(a), the Court must engage in a two-part inquiry. First, the Court determines whether the action could have been brought in the transferee court.  Second, the Court considers whether "the transfer 'will enhance the convenience of the parties and witnesses, and is in the interests of justice.'" Robinson Corp. v. Auto-Owners Ins. Co., 304 F. Supp. 2d 1232, 1243 (D. Haw. 2003).

It is undisputed that Plaintiff could have brought the action in the district of South Carolina.[4]  The Court therefore

_____

[4]  A Title VII claim may be properly filed

"in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office.

(continued...)

limits its analysis to the second inquiry, which requires a consideration of three factors: 1) convenience of the parties; 2) convenience of the witnesses; and 3) the interests of justice. Id. (citing Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997)).  If, upon balance of these factors, a court finds that the other forum is *clearly more convenient*, it will transfer the action.  Id.

I.   **Convenience to the Parties**

Lockheed argues that it would be most convenient for all parties to litigate in South Carolina, as its headquarters are located in Greenville, South Carolina; Daniels resides in South Carolina[5]; and EEOC has an office in South Carolina. According to Lockheed, the only individuals who are in Hawai'i are its co-counsel, Mr. Varady, and Daniels' expert.  Plaintiffs counter that transfer would greatly inconvenience them.  Although Daniels does not reside in Hawai'i, he claims that Lockheed

---

[4](...continued)
Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e-5(f)(3)). Aside from his state law claims, Daniels raises Title VII claims. Applying the foregoing standard to his Title VII claims, this Court finds that he could have properly filed the instant action in the district of South Carolina.


[5]  Lockheed cites Daniels' lack of domicile in Hawai'i in support of this prong.  Domicile is not the relevant inquiry in a motion to transfer.

cannot shift inconveniences to him.  Daniels points out that if

the case is transferred, he would be forced to retain local

counsel.  EEOC likewise contends that a transfer would force

jurisdiction to shift to another office.  Lastly, Plaintiffs

emphasize that Lockheed clearly has the financial resources to

more readily bear the cost of litigating in Hawai'i, as compared

to the burden imposed on Daniels if he is forced to litigate in

South Carolina.  The Court agrees.  Transfer should not merely

shift the inconvenience from the moving party to the non-moving

party.  Van Dusen, 376 U.S. at 646; United States v. One Oil

Painting Entitled "Femme en Blanc" by Pablo Picasso, 362 F. Supp.

2d 1175, 1185 (C.D. Cal. 2005) ("[T]ransfer should not be granted

if the effect is simply to shift the inconvenience to the party

resisting the transfer.") (quotations omitted).

A.    **Plaintiff's Choice of Forum**

It is well-established that the plaintiff's choice of

forum is entitled to substantial weight and "'the defendant must

[therefore] make a strong showing of inconvenience to warrant

upsetting the plaintiff's choice of forum.'"  Resnick v. Rowe,

283 F. Supp. 2d 1128, 1144 (D. Haw. 2003) (citing Miracle v.

N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000)).

"This factor is particularly relevant in Title VII cases where

the Ninth Circuit has construed the venue provision to broaden

the fora available to the plaintiff."  Tamashiro v. Harvey, 487

F. Supp. 1162, 1169 (D. Haw. 2006) (citations omitted).  Lockheed
contends that "'[i]f the operative facts have not occurred within
the forum and the forum has no interest in the parties or subject
matter,' the plaintiff's choice of forum is entitled to only
*minimal* consideration." [Mem. in Supp. of Mot. at 22 (citing <u>Lou
v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1986)).]  Although the
Court agrees with Lockheed that this factor is not accorded the
greatest weight given that Daniels does not reside in Hawai'i, it
still militates in favor of retaining the case.

There is no question that at least part of the
operative facts occurred in Hawai'i; that is, Daniels alleges
discrimination while assigned to work here.  He also claims his
employment constructively ended in Hawai'i.  Moreover, he
contacted the Hawai'i EEOC office to make his complaint, which
was filed jointly with the Hawai'i Civil Rights Commission.
Thus, the Court finds that while this factor may not be given
substantial weight because Daniels no longer resides in Hawai'i,
some weight must still be accorded to Daniels' choice of forum.

B.    <u>**Parties' Contacts with the Forum**</u>

Lockheed is headquartered in Greenville, South
Carolina.  Daniels also resides in Greenville, but represents
that he spends his work week in Warner Robins AFB, Georgia.
[Decl. of Charles Daniels at ¶ 10.]  These facts cut in
Lockheed's favor.  Lockheed further contends that the existence

of an EEOC office in Greenville supports transfer.  To force
another office of the EEOC, which is entirely unfamiliar with the
lengthy and contentious history of this case, to assume
responsibility at this late stage would be burdensome, however.
In addition, the fact remains that Daniels spent at least a
portion of the time relevant to the allegations in Hawai'i.  In
weighing all of the facts, the Court finds that this factor falls
slightly in favor of Lockheed.

C.    **Access to Proof**

Lockheed argues that the records are all located in
South Carolina.  Plaintiffs counter that because of document
production, all of the relevant records are also in Hawai'i.
This factor is therefore neutral, as the records would be equally
accessible in either venue.

D.    **Financial Burden on the Parties**

This factor weighs strongly in favor of Plaintiffs,
namely Daniels.  Even though Daniels resides in South
Carolina/Georgia, the financial burden for him to litigate there
would be great.  Lockheed insists that this is only a matter of
travel expenses for litigating in Hawai'i versus South Carolina.
The Court disagrees.  As Plaintiffs have emphasized, Daniels will
suffer particular burden based on the fact that he would be
forced to retain local counsel in South Carolina.   While the
Court will not engage in speculation about whether local counsel

16

would take the case on a contingency basis, it is obvious that additional fees would be incurred for Mr. Varady's travel to South Carolina.  Lockheed too would incur additional expense if the case transferred because none of its current counsel are licensed in South Carolina and it would be forced to retain local counsel.

Lockheed argues that the case should be litigated in South Carolina because its documents and a great number of witnesses are located there.[6]  It asserts that it will bear exponential trial expenses and should not do so simply because it is a corporation that has more resources.  Lockheed incorrectly claims that no authority provides that a company be forced to expend more resources to litigate in a distant forum.  See, e.g., Miracle, 87 F. Supp. 2d at 1073 (citing Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1489 (9th Cir. 1993) (holding that because the defendant was a large corporation, it "could more easily travel to Hawai[']i to litigate than could Plaintiff travel to New York).[7]  Lockheed has also failed to demonstrate

---

[6]  As earlier discussed, copies of the relevant documents are in Hawai'i and more witness are located outside of South Carolina than are located in South Carolina.

[7]  The Court acknowledges that in Miracle, transfer would have forced the plaintiff to travel to a distant forum.  However, it finds the case applicable here because although a transfer of venue would allow Daniels to litigate in his home state, it would create added expense at this late stage.  The underlying principle is thus sound; that is, large corporations are able to

(continued...)

that litigating in Hawai'i would be prohibitively expensive or
difficult.  See id.  Indeed, over the course of this litigation,
Lockheed has not complained of the costs to litigate here.
Rather, it has vigorously defended the action, even hiring
mainland counsel in addition to its numerous local counsel.  The
Court finds it difficult to accept as genuine Lockheed's sudden
assertion that the balancing of the financial impact to the
parties supports transfer.  What is more, "the Ninth Circuit has
noted on more than one occasion, 'in this era of fax machines and
discount air travel,' it is not unreasonable to require a party
to litigate in a distant forum."  Id. (citations omitted).  For
these reasons, the Court finds that this factor weighs strongly
in favor of Daniels.  After consideration of the factors relevant
to the conveniences of the parties prong, the Court finds that
they weigh in favor of retaining the case.

## II.  **Convenience of the Witnesses**

Lockheed argues that ten of its listed trial witnesses
work or reside in South Carolina and seventeen trial witnesses
reside in or near the east coast.  It also stresses that with the
exception of Daniels' expert, none of the witnesses resides in
Hawai'i.  As such, Lockheed emphasizes that requiring these
witnesses to travel to Hawai'i, when they could more easily

_____

(...continued)
bear costs more readily that certain plaintiffs, such as Daniels.

appear in South Carolina, is an unnecessary burden and expense.
Plaintiffs counter that the majority of the witnesses are outside
the subpoenaing power of the South Carolina courts and stress
that the given the vast geographic distribution of the witnesses,
transfer would not guarantee their appearance.

"Convenience of the witnesses, other than party
witnesses, is of paramount importance." Robinson, 304 F. Supp.
2d at 1243 (citations omitted).

> The party seeking the transfer must specify
> clearly, typically by affidavit, the key witnesses
> to be called and their location and must make a
> general statement of what their testimony will
> cover.  The emphasis, as has been articulated by
> many courts, is properly on this showing rather
> than on which party can present a longer list
> possible witnesses located in its preferred
> district.  The focus on this point is a
> qualitative, not a quantitative one and clearly is
> dependent on the factual and legal context of the
> particular case.  Obviously, one important or
> material witness may outweigh a great number of
> less important 15 witnesses.

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
Federal Practice and Procedure § 3851 (footnotes omitted).
Although Lockheed has provided a couple of charts indicating the
locations of witnesses, it neglected to provide a general
statement about what the witnesses' testimony will cover.[8]  The
Court is therefore unable to accord the appropriate weight to

---

[8]  The Court acknowledges that the parties have filed
witness lists, but Defendant did not provide, via affidavit, the
information regarding expected testimony.

each witness' testimony.  Even if the requisite information had
been provided to the Court, the fact remains that only ten of the
thirty nine identified witnesses reside in or work in South
Carolina.  [Reply at 7; Ex. A to Reply; Ex. 1 to Decl. of Janet
R. Meade.]  The remainder reside or work in Florida, Texas,
Virginia, Washington, Wisconsin, Montana, Maine, Kentucky,
Delaware, Colorado, California, Georgia, or Hawai'i.  This by no
means compels a finding in strong favor of South Carolina as a
forum, but nevertheless weighs in favor of transfer given that
travel to South Carolina would be more convenient for the
majority of witnesses.

   **A.   The Availability of Compulsory Process to Compel
          Attendance of Unwilling Non-party Witnesses**

        Only ten of the witnesses can be compelled to appear if
the case were transferred to South Carolina.  <u>See</u> Fed. R. Civ. P.
45.  Insofar as the majority of witnesses are beyond the
subpoenaing power of the South Carolina district court, the
support in favor of transfer based on the convenience of
witnesses is diminished.  With the exception of those witnesses
residing in or working in South Carolina, none of the witnesses
can be compelled to appear in either Hawai'i or South Carolina.
Neither party has represented whether they expect the witnesses
to actually appear.  The Court notes, however, that if a "witness
cannot be compelled to appear in either district, or for some
other reason is unlikely to appear at trial wherever it might be

20

held, not surprisingly, little or no attention will be given to
the convenience of that witness." 15 <u>Federal Practice and
Procedure</u> § 3851.  In addition, the Court notes that many of the
witnesses who reside in South Carolina are employees of Lockheed.
Because their presence for trial in Hawai'i can be obtained by
Lockheed, "they do not figure into the 'third-party
inconvenience' calculus." <u>DEV Industries, Inc. v. NPC, Inc.</u>, 763
F. Supp. 313, 315 (N.D. Ill. 1991) (citation omitted).  The Court
thus finds that while the convenience of witnesses generally
supports transfer, it does not clearly favor transfer, especially
when balanced against the convenience of the parties and the
interest of justice.

## III. <u>Interest of Justice</u>

This factor weighs decidedly in favor of retaining the
instant case.  "Fairness considerations may be decisive in ruling
on a transfer motion, even when convenience of witnesses and
parties points the other way." <u>Pratt v. Rowland</u>, 769 F. Supp.
1128, 1133 (N.D. Cal. 1991) (citing 15 C. Wright, A. Miller & E.
Cooper, <u>Federal Practice and Procedure</u> § 3851, at 439-40 (2d ed.
1986)).  Indeed, "[t]he Ninth Circuit has frequently held that a
motion for transfer may properly be denied where, as here, a case
has been pending for some time in the original court or where a
transfer would lead to delay." <u>Id.</u> (citing <u>Allen v. Scribner</u>,
812 F.2d 426, 436-37 (9th Cir. 1987), <u>as amended</u>, 828 F.2d 1445

(9th Cir. 1987); <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979); <u>Moore v. Telfon Commc'ns Corp.</u>, 589 F.2d 959, 968 (9th Cir. 1978)).  There is little doubt that transferring this case to South Carolina this late in the litigation will result in delay to the prejudice of Plaintiffs. <u>But</u> <u>see</u> <u>Martin-Trigona</u>, 668 F. Supp. at 3 (granting motion to transfer venue where court found that delay involved in transferring case would not unduly prejudice plaintiff or increase the expense of litigation).  Not only has the case been pending since 2005, but the Court has entertained countless discovery and other motions/disputes.  It could take the district court in South Carolina some time to familiarize itself with the case, which will likely delay the trial.

        Lockheed claims that the district of South Carolina will no doubt be able to accommodate the present matter within a similar timeframe, yet it provided no such attestation to that effect.  Meanwhile, Plaintiffs represent that the Greenville court informed them that the one district court judge presiding there is currently calendering cases for trial more than a year from the date of scheduling.  This Court made its own inquiry and was informed by a civil case manager that a transferred case would be assigned to one of four judges, but could offer no indication of a trial date without a better understanding of the case.  The case manager cautioned, however, that the parties

22

would have to obtain local counsel before the matter could be set for trial.  Because all of the parties will be forced to obtain local counsel[9] and this may present challenges, especially with respect to Daniels, it is more than likely that the trial will not proceed in the same time frame currently set in this district.  This does not even take into consideration the time it will take local counsel to familiarize themselves with the extensive history of the case.  The almost certain delay that would be caused by a transfer weighs heavily in favor of retaining this case, pending since 2005.

In assessing this prong, the Court also considers public and private interest factors borrowed from the doctrine of *forum non conveniens*.  Lung, 980 F. Supp. at 1370 (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)).  The public factors include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interests in having localized controversies decided at home; [and] (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action ... [and] the avoidance of unnecessary conflicts of law.

Robinson, 304 F. Supp. 2d at 1244 (citing Lung, 980 F. Supp. at 1370) (citation omitted).

---

[9]  See Local Civil Rules for the United States District Court District of South Carolina 83.I.04-83.I.06.

> Private factors include:
>
> (1) relative ease of access to sources of proof;
> (2) the availability of compulsory process for
> attendance of unwilling witnesses, and the cost of
> obtaining attendance of witnesses; (3) possibility
> of viewing subject premises; [and] (4) all other
> factors that render trial of the case expeditious
> and inexpensive.

Id. (citing Lung, 980 F. Supp. at 1370) (citation omitted).

### A.   **Public Factors**

The first public factor weighs in favor of retaining the case.  Although the Court does not have before it information regarding the administrative difficulties flowing from court congestion, the Court notes that a trial is set for February 2008, which will allow for the long-overdue resolution of the instant case.  Lockheed stresses that the next two factors weigh heavily in favor of transfer.  Specifically, it contends that the heart of the dispute lies outside of Hawai'i and jurors in this district have little interest in considering the alleged unlawful acts of citizens of South Carolina.  This Court is unconvinced. First, Title VII claims are based in federal law, so South Carolina and Hawai'i have comparable interests.  Second, neither district could claim that the dispute is purely local.  Third, Plaintiffs assert claims under Hawai'i's discrimination statutes. Last, despite Lockheed's contention to the contrary, Hawai'i jurors do have some interest in considering the discriminatory conduct of individuals that occurred, at least in part, in

24

Hawai'i.  These facts slightly tip in favor of retaining the action.  The fourth factor is inapplicable.

**B.   <u>Private Factors</u>**

As already discussed, the first factor is neutral and the second factor weighs only minimally in favor of transfer. After carefully weighing and considering this interest of justice prong, the Court finds that the factors support retaining venue, especially because of the delay that will result, to Plaintiffs' prejudice, if the case is transferred.

After balancing the convenience of the witnesses, the convenience of the parties, and the interest of justice, this Court finds that the latter two support Hawai'i venue and none of the factors clearly support transferring the action to South Carolina.  <u>See</u>, <u>e.g.</u>, <u>id.</u> at 1244.  Considerations of fairness to Plaintiffs decidedly outweigh the convenience of the witnesses. This is particularly so not only because of the delay that transfer would cause, but due to Lockheed's delay in brining this Motion and the fact that this case has been pending since 2005. Moreover, the Court reiterates that transfer must not shift the inconveniences to the non-moving party, which would result if transfer were ordered.  Accordingly, this Court recommends that the district court deny the Motion as untimely, or alternatively, on the merits.

## CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that the district court DENY Lockheed's Motion to Transfer Venue, filed on June 29, 2007, as untimely, or alternatively, on its merits.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 13, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**EEOC V. LOCKHEED, ET AL., ETC.; CIVIL NOS. 05-00479 & 05-00496 SPK-LEK; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO TRANSFER VENUE**