IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 05-00479 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |
| CHARLES DANIELS, | ) | CIVIL NO. 05-00496 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOCKHEED MARTIN, ETC., | ) ) | |
| Defendant. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF-INTERVENOR'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Before the Court is Plaintiff-Intervenor Charles Daniels' ("Daniels") Motion for Sanctions Pursuant to Rule 11 ("Sanctions Motion"), filed August 27, 2007. Defendant Lockheed Martin, doing business as Lockheed Martin Logistics Management, Inc., ("Lockheed") filed its memorandum in opposition on October 4, 2007 and Daniels filed his reply on October 13, 2007. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a statement of no opposition on September 11, 2007. This matter came on for hearing on October 25, 2007. Carl Varady, Esq., appeared on behalf of Daniels; Raymond Cheung, Esq., and

Evangelina Hernandez, Esq., appeared by telephone on behalf of
the EEOC; and Kenneth Robbins, Esq., Elena Baca, Esq., and
William Ota, Esq., appeared on behalf of Lockheed.  After careful
consideration of the Sanctions Motion, supporting and opposing
memoranda, and the arguments of counsel, this Court HEREBY FINDS
AND RECOMMENDS that Daniels' Sanctions Motion be DENIED for the
reasons set forth below.

<u>**BACKGROUND**</u>

          Daniels is an African-American male who was employed as
an avionic technician for Lockheed from 1999 until 2001.  On
August 1, 2005, the EEOC filed a complaint against Lockheed on
Daniels' behalf in response to Lockheed's alleged racial
discrimination and retaliation against Daniels.  Daniels filed a
separate, but related, action against Lockheed on August 4, 2005.
This Court permitted Daniels to intervene in the EEOC's case and
the parties stipulated to consolidate the two actions.  In April
2007, Ms. Baca and Caroline Elkin, Esq., were admitted as *pro hac
vice* counsel for Lockheed.

          Lockheed filed a Motion to Transfer Venue ("Venue
Motion") on June 29, 2007, seeking the immediate transfer of the
case to Greenville, South Carolina.  Lockheed cited a number of
supporting factors, including: Lockheed's and Lockheed Martin
Aircraft Center's main offices are located in Greenville; Daniels
is a resident of South Carolina and was never a resident of

Hawai'i; the EEOC has a local office in Greenville; and, of the
thirty-two individuals identified as potential witnesses, eleven
reside or work in South Carolina, seventeen reside or work on or
near the east coast, and the remainder reside or work in
California, Colorado, Washington or Montana.

On August 13, 2007, this Court issued its findings and
recommendation to deny the Venue Motion ("Venue F&R").  This
Court first recommended that the district judge deny the Venue
Motion as untimely because Lockheed filed the Venue Motion more
than two months after the April 20, 2007 deadline for non-
dispositive motions.  Further, the grounds for the Venue Motion
were evident long before Lockheed filed it, and some were evident
from the inception of the suit.  In the alternative, the Court
recommended that the district judge deny the Venue Motion on the
merits.  Although Daniels could have filed the action in South
Carolina, the convenience of the parties and the interests of
justice at this stage of the litigation ultimately weighed in
favor of retaining the case.  The convenience of the witnesses
generally supported transfer, but did not clearly favor transfer,
particularly when weighed against the convenience of the parties
and the interests of justice.  On September 19, 2007, the
district judge overruled Lockheed's objections and adopted the
Venue F&R.

In the instant Motion, Daniels argues that Rule 11

3

sanctions are warranted because the Venue Motion was "time-barred and meritless". [Mem. in Supp. of Sanctions Motion at 1.] According to Daniels, Lockheed falsely represented in its Venue Motion that transfer to Greenville would not delay the case. Citing conversations with various district court personnel in Greenville, Daniels claims there is only one district judge in Greenville and that this case would likely have been heard at least a year after transfer because the court is currently trying 2004 cases.

Daniels argues that the Venue Motion was part of a "pattern of dilatory tactics aimed to harass[,] delay and increase the cost of litigation . . . ." [Id.] Lockheed has engaged in a myriad of dilatory discovery tactics throughout the case and this Court has already sanctioned Lockheed on a number of occasions by requiring it to pay attorney's fees and costs.

Daniels argues that Rule 11 sanctions are appropriate because the facts which Lockheed based the Venue Motion on were known to Lockheed as early as 2002, when it filed its response to the EEOC charge. Lockheed has no excuse for waiting until two years after the filing of the instant cases to request a discretionary change of venue. Daniels stresses that Lockheed did not obtain leave of court to file the Venue Motion after the non-dispositive motions deadline. He further argues that Lockheed misstated and mischaracterized facts in the record and

4

misstated the applicable law.  He asserts that the Venue Motion was frivolous and brought in bad faith for the improper purpose of delaying the case.  Daniels urges the Court to infer Lockheed's intent to delay the case from the fact that transfer would have delayed the case.

Daniels acknowledges that courts may award attorney's fees and costs under Rule 11, but he seeks terminating sanctions, including entry of default or the striking of affirmative defenses, because lesser sanctions would be pointless and ineffective.  If the Court is not inclined to impose terminating sanctions, Daniels asks the Court to sanction Lockheed by ordering a jury instruction about Lockheed's dilatory tactics in the administrative proceedings and in this case.  He also asks the Court to deter Lockheed from engaging in similar conduct by imposing a $150,000 fine, which represents the additional fees and costs that transfer would have entailed.  He further requests treble attorney's fees and costs incurred in opposing the Venue Motion and/or the revocation of Ms. Baca's and Ms. Elkin's *pro hac vice* status.

In the alternative, Daniels argues that the Court should impose sanctions under its inherent power or 28 U.S.C. § 1927.  He contends that Lockheed's conduct is ample evidence of the bad faith necessary to sanction either a party or counsel under a court's inherent power.  At the very least, Lockheed's

conduct rises to the level of recklessness, warranting sanctions against Lockheed's counsel under § 1927.

In its memorandum in opposition, Lockheed states that, in his original complaint, Daniels claimed to be a Hawai`i resident and alleged claims under Hawai`i law.  During discovery, Daniels produced his tax returns, which revealed that he was in fact a South Carolina resident.  Lockheed filed the Venue Motion based on his residency and the fact that several of the key trial witnesses were beyond the district court's subpoena power. Lockheed argues that, although this Court recommended that the district judge deny the Venue Motion, this Court's findings validated many of Lockheed's arguments.  For example, this Court noted that, if Lockheed had requested transfer earlier in the case, the convenience of the parties may have favored transfer to South Carolina.  The Court also found that the parties' contacts with the forum fell slightly in favor of transfer and that the residences of the witnesses also favored transfer.  Further, the timing of the Venue Motion did not render it frivolous because, under 28 U.S.C. § 1404(a), a party may bring a motion for transfer at any time.

The Venue Motion sought a more convenient trial forum where Lockheed could more efficiently have witnesses appear, a purpose that is consistent with the legislative intent behind § 1404(a).  Daniels merely speculates that transfer may have

delayed the trial.  Further, the statements Daniels relies on regarding the case load in Greenville are inadmissible hearsay and the Venue F&R contradicts his claim that there is only one presiding district judge in Greenville.  Thus, Daniels has not established that Rule 11 sanctions are warranted, and, even assuming, *arguendo*, that Lockheed's conduct was sanctionable, the sanctions Daniels requests are beyond the scope of the rule.

Lockheed also argues that Daniels failed to establish that sanctions are warranted under the Court's inherent power. For the reasons stated above, the Venue Motion was not filed in bad faith.

Finally, Lockheed argues that the Court should sanction Daniels and his counsel for bringing the Sanctions Motion. Lockheed requests $5,000.00 to off-set the expenses it incurred in responding to the Sanctions Motion.

In his reply, Daniels reiterates many of the arguments he raised in the Sanctions Motion.  In addition, Daniels argues that his residency was irrelevant to the Venue Motion, but points out that he stated in his complaints that he was a resident of South Carolina and a former resident of Hawai`i.  Lockheed has known since January 27, 2006 that he was not a Hawai`i resident for tax purposes in 2001.  Daniels contends that, because Lockheed filed the Venue Motion beyond the non-dispositive motions deadline without obtaining leave of court, the filing is

7

objectively frivolous and may be sanctioned even in the absence
of improper motive.  The fact that the Venue Motion had some
merit does not overcome Lockheed's improper motives.  Further,
the fact that § 1404(a) does not set a time limit for parties to
file motions for change of venue merely means that courts are
free to set a deadline.  The deadline this Court established was
the non-dispositive motions deadline.  Lockheed does not explain
why it did not seek leave of Court to file the Venue Motion.
Daniels speculates that this is because Lockheed knew that the
allegedly newly acquired knowledge of his residency would not
constitute good cause to amend the scheduling order.

**DISCUSSION**

**I.   Rule 11 Sanctions**

By signing and filing the Venue Motion, Lockheed's
counsel certified, to the best of their "knowledge, information,
and belief, formed after an inquiry reasonable under the
circumstances,--"

> (1) it [was] not being presented for any
> improper purpose, such as to harass or to cause
> unnecessary delay or needless increase in the cost
> of litigation; [and]
> (2) the claims, defenses, and other legal
> contentions therein [were] warranted by existing
> law or by a nonfrivolous argument for the
> extension, modification, or reversal of existing
> law or the establishment of new law[.]

Fed. R. Civ. P. 11(b).

Daniels argues that Rule 11 sanctions are warranted

8

because the Venue Motion was frivolous and because Lockheed filed

it for an improper purpose.[1]  The Ninth Circuit has stated:

> The standard governing both the "improper purpose"
> and "frivolous" inquiries is objective.  [T]he
> subjective intent of the . . . movant to file a
> meritorious document is of no moment.  The
> standard is reasonableness.  The 'reasonable man'
> against which conduct is tested is a competent
> attorney admitted to practice before the district
> court.

G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.

2003) (citations and quotation marks omitted) (alterations in

original).  "The pleader, at a minimum, must have a good faith

argument for his or her view of what the law is, or should be.  A

good faith belief in the merit of a legal argument is an

objective condition which a competent attorney attains only after

reasonable inquiry."  King v. Idaho Funeral Serv. Ass'n, 862 F.2d

744, 747 (9th Cir. 1988) (citation and quotation marks omitted).

    In the Venue F&R, this Court recognized that, had

Lockheed moved for a change of venue earlier in the litigation,

the convenience of the parties may have favored transfer.

Further, even at this late stage in the litigation, there were

some factors that supported transfer.  This Court therefore finds

that a competent attorney, after conducting a reasonable inquiry,

---

[1] While acknowledging that Rule 11 does not apply to
discovery matters, Daniels argues that the Court should consider
the Venue Motion in the context of Lockheed's dilatory discovery
tactics.  This Court finds that to do so would improperly apply
Rule 11 to discovery.  See Fed. R. Civ. P. 11(d).

could have formed a good faith belief that transfer was warranted.  The Court finds that the Venue Motion was not frivolous.

Whether Lockheed filed the Venue Motion for an improper purpose is a closer question.  This Court had serious concerns about the timing of the Venue Motion, which the Court expressed in the Venue F&R and need not repeat here.  The timing of the Venue Motion certainly raises the possibility that Lockheed sought transfer to delay the case or to forum shop.  In order to impose sanctions under Rule 11, this Court must find that a reasonable attorney, after conducting a reasonable inquiry, could not have filed the Venue Motion except for an improper purpose. While the Court is not pleased with the litigation tactics employed by Lockheed and its counsel, their conduct does not support such a finding.  Viewing the Venue Motion from an objective standpoint, this Court finds that it was not filed for an improper purpose.

The Court therefore RECOMMENDS that the district judge DENY Daniels' request for Rule 11 sanctions.

## II.  **Inherent Power Sanctions**

Daniels also argues that the Court should sanction Lockheed under its inherent power.  A court cannot impose sanctions under its inherent power unless it makes a specific finding that the party to be sanctioned acted in bad faith or

10

engaged in conduct tantamount to bad faith.  See Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980), superceded by statute on other grounds, Morris v. Adams-Millis Corp., 758 F.2d 1352, 1357 n.7 (10th Cir. 1985); Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).  Examples of bad faith include: "delaying or disrupting the litigation or hampering enforcement of a court order"; Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) (citation and quotation marks omitted); "knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent"; Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (citation and quotation marks omitted).

     As noted above, Lockheed's arguments in support of transfer were not frivolous.  Lockheed, however, waited until after the non-dispositive motions deadline to request a discretionary change of venue, even though it was aware of at least some of the facts supporting the request since 2002.  This lengthy delay raises suspicions about Lockheed's motive for filing the Venue Motion.  There is not enough evidence in the record, however, to support a finding that Lockheed filed the Venue Motion to delay the case or to harass Daniels.  This Court therefore RECOMMENDS that the district judge DENY Daniels' request to impose inherent power sanctions against Lockheed.

**III.  Section 1927**

Finally, Daniels argues that the Court should sanction Lockheed pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An attorney's reckless conduct is sufficient to warrant sanctions under § 1927. See Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001). Although the Venue Motion was ultimately unsuccessful, there was some merit to the arguments for transfer and Lockheed's counsel did research the issue of when a party can file a motion for change of venue. This Court therefore finds that counsel's filing of the Venue Motion was not reckless. This Court RECOMMENDS that the district judge DENY Daniels' request for sanctions under 28 U.S.C. § 1927.

## IV.  Revocation of *Pro Hac Vice* Status

Alternatively, Daniels argues that the Court should sanction Lockheed by withdrawing *pro hac vice* status from Lockheed's mainland counsel. Ensuring the ethical and orderly administration of justice is part of a district court's inherent power to manage and control its calendar. See United States v. Gorman, 674 F. Supp. 1401, 1404 (D. Minn. 1987) ("The admission to practice *pro hac vice* is a privilege, not a right, and may, in the court's discretion, be denied." (citing D. Minn. Local R.

12

1(D))).  Thus, a court must balance "the defendant's interest in retaining counsel of his choice against the public's interest in the prompt, fair and ethical administration of justice."  United States v. Panzardi Alvarez, 816 F.2d 813, 817 (1st Cir. 1987). Whether to grant or deny an attorney *pro hac vice* admission is generally within the discretion of the court.  See Local Rule LR83.1(e).  However, once counsel has been admitted *pro hac vice*, she cannot be disqualified under standards and procedures that are more stringent than those imposed upon permanent members of local bar.  See United States v. Ries, 100 F.3d 1469, 1471 (9th Cir. 1996).

Daniels argues that Lockheed's insistence in filing the Venue Motion and the fact that this Court has already sanctioned Lockheed for dilatory discovery tactics merits disqualification of Lockheed's *pro hac vice* counsel.  While the Court shares some of the concerns Daniels has raised, it cannot entirely conclude that *pro hac vice* counsel will not abide by the court's rules and practices and be readily answerable to the court.

Under the circumstances at this time, this Court finds that the public's interest in the prompt, fair, and ethical administration of justice do not outweigh Lockheed's interest in having its *pro hac vice* counsel represent it and therefore RECOMMENDS that the district judge DENY Daniels' request to disqualify Lockheed's *pro hac vice* counsel.

13

**V.    Lockheed's Request for Sanctions**

Lockheed argues that the Court should sanction Daniels for filing the instant Sanctions Motion.  The filing of a motion for sanctions under Rule 11 is itself subject to sanctions under the rule.  See Fed. R. Civ. P. 11(b) and © advisory committee's note (1993 Amendments).  Further, if the district judge adopts this Court's recommendation to deny the Sanctions Motion, the district judge may award attorney's fees and costs associated with the Sanctions Motion to Lockheed, "[i]f warranted".  See Fed. R. Civ. P. 11(c)(1)(A).

First, Lockheed cannot seek Rule 11 sanctions based on the filing of the Sanctions Motion because Lockheed did not file a separate motion for Rule 11 sanctions.  See id.  Even if Lockheed ultimately prevails on the Sanctions Motion, this Court finds that, under the circumstances of this case, an award of attorney's fees and costs under Rule 11(c)(1)(A) is not warranted.  This Court therefore RECOMMENDS that the district judge DENY Lockheed's request for attorney's fees and costs associated with the Sanctions Motion.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the district judge DENY Daniels' Motion for Sanctions Pursuant to Rule 11, filed August 27, 2007.  The Court further FINDS AND RECOMMENDS that the district judge DENY

14

Lockheed's request for attorney's fees and costs associated with the Sanctions Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, November 30, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**EEOC V. LOCKHEED MARTIN; CV 05-00479 DAE-LEK; DANIELS V. LOCKHEED MARTIN; CV 05-00496 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF-INTERVENOR'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**