WILLIAM R. TAMAYO - #084965 (CA)
DAVID OFFEN-BROWN - #063321 (CA)
RAYMOND T. CHEUNG - #176086 (CA)
EVANGELINA F. HERNANDEZ - #168879 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105-1260
Telephone:  (415) 625-5649
Facsimile:  (415) 625-5657
raymond.cheung@eeoc.gov

Attorneys for Plaintiff U.S. EEOC


ELENA R. BACA
CAROLINA L. ELKIN
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, California  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

KENNETH S. ROBBINS #1000-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 524-2355
Facsimile:  (808) 526-0290

BARRY W. MARR-1937-0
WILLIAM N. OTA-#6947-0
MARR HIPP JONES & WANG
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Telephone:  (808) 536-4900
Facsimile:  (808) 536-6700
Attorneys for Defendant LOCKHEED MARTIN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff, and<br><br>CHARLES DANIELS,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>LOCKHEED MARTIN, dba LOCKHEED MARTIN LOGISTICS MANAGEMENT, INC.,<br><br>Defendant. | CV   05-00479 DAE/LEK<br>CV   05-00496 DAE/LEK<br>(Consolidated Cases)<br><br>AMENDED CONSENT DECREE RELATED TO CV 05-00479 DAE/LEK |

- 3 -

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of race (African American) and retaliation and to make whole Mr. Charles Daniels who was aggrieved by the alleged unlawful practices.  Plaintiff EEOC alleged that defendant Lockheed Martin, dba Lockheed Martin Logistics Management, Inc., unlawfully subjected Mr. Daniels to a hostile work environment because of his race, disparate treatment because of his race, and retaliation for complaining of discrimination ("Lawsuit"). Plaintiff Charles Daniels intervened in the Lawsuit incorporating the Commission's allegations and additionally alleging violations of 42 U.S.C. Section 1981 and Hawaii state claims ("Daniels Lawsuit").  Lockheed Martin denied that Mr. Daniels was subjected to a hostile work environment or that he was retaliated against, as well as his claim of damages or injuries.

In the interest of resolving the Lawsuit and as a result of having engaged in comprehensive settlement negotiations, the Commission and Lockheed Martin (hereinafter referred to as "the Parties") have agreed that the Lawsuit should be finally resolved by entry of this Consent Decree.  This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit.

This Consent Decree resolves all claims arising out of EEOC Charge No. 378-2002-00056 and the complaint filed in the Lawsuit, and constitutes a complete resolution of all claims of race discrimination and retaliation under Title VII that were made or could have been made by the Commission in this Lawsuit.  This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Commission and Lockheed Martin with respect to the matters discussed herein. Plaintiff-Intervenor, Charles Daniels, entered into a settlement agreement and general release with Lockheed Martin which resulted in the dismissal with prejudice of all of claims for damages asserted in the Daniels Lawsuit.

No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

## I.    **GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. The Parties will each bear its own costs and attorneys' fees in this action.

4. Plaintiff-Intervenor Charles Daniels and Lockheed Martin shall enter into a stipulation to sever and dismiss with prejudice the Daniels Lawsuit, pursuant to the settlement agreement and general release entered into between Daniels and Lockheed Martin; the Commission will join in the stipulation to sever the Daniels Lawsuit from this

> Lawsuit and will not oppose the dismissal of the Daniels Lawsuit once severed.

5. Throughout this consent decree, all references to Lockheed Martin Aircraft & Logistics Centers ("LM ALC") shall be defined as including LM ALC headquarter offices, located in Greenville, South Carolina; the Donaldson Center, located in Greenville, South Carolina; and the field teams deployed for work by these organizations.

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION

6. Consistent with Sections 703 and 704 of Title VII, 42 U.S.C. §2000e-2, LM ALC, and its officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from engaging in harassment and retaliation, and any other employment practice which discriminates on the basis of race.

## III. MONETARY RELIEF

7. As part of its resolution of the Lawsuit and the Daniels Lawsuit, Lockheed has entered into a settlement agreement with Daniels, the terms of which provide for an aggregate payment to Daniels of $2,500,000 (two million five hundred thousand dollars). Lockheed shall provide the Commission with proof of disbursement of the settlement payment to Charles Daniels for purposes of internal Commission reporting requirements c/o Raymond T. Cheung, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

## IV.  SPECIFIC INJUNCTIVE RELIEF

### 8.  EEO and Harassment Policies

LM ALC shall revise, to the extent necessary, its EEO and harassment policies, within sixty (60) days of signing the Consent Decree, such that the policies: (1) include definitions of discriminatory harassment, with specific reference to harassment based on race; (ii) include examples to supplement the definitions of harassment based on race; (iii) provide for appropriate discipline and/or corrective action for incidents of discriminatory harassment designed to deter future acts of harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for appropriate discipline for incidents of retaliation designed to deter future acts of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a reasonable timetable for commencing an investigation after a complaint is made or received and for appropriate remedial action, if warranted, to be taken upon conclusion of an investigation; and (viii) provide that the investigating party advise the complainant of the outcome of the investigation, including whether or not any disciplinary action was taken.

a.  If revisions are necessary, LM ALC shall effectively disseminate these revised policies and procedures by:

i.  Distributing the policy within 60 days of its adoption to all current employees then assigned and working for LM ALC;

        ii.    Distributing the policy to all new employees of LM ALC at all locations upon the employees' hire.

    b.    LM ALC shall submit a copy of the revised EEO and harassment policies, if any, to EEOC.

9.    **Complaint Procedure**.

LM ALC shall develop or reaffirm a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, LM ALC shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  Said policy shall be continuously posted in a prominent place at all LM ALC locations.

    a.    LM ALC will submit a copy of the complaint procedures to the EEOC twenty (20) days before the completion of training as required below.

10.    **Posting**

An agreed upon Notice of Settlement (stating that case resolved and amount of settlement) shall be, and remain, posted in a clearly visible location frequented by employees at the LM ALC headquarters offices and at the Donaldson Center until December 26, 2009.

11.    **Training of Employees**.

    a.    Until December 26, 2009, LM ALC shall utilize its current anti-harassment training program to train: (i) its current LM ALC employees; and (ii) any new LM ALC employees.  The purpose of said training is and shall continue to be to give participants

an understanding of harassment issues, particularly racial discrimination, including but not limited to what constitutes racial discrimination including harassment, sources of legal protection for discrimination victims, the employees' obligation to report racial discrimination and harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including discipline policies) and practices related to racial harassment and retaliation with LM ALC employees.

    i.    LM ALC, as part of its training, shall inform its managers and supervisors that, in accordance with its anti-harassment policy, it will impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in racial harassment or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct.

    ii.    LM ALC, as part of its training, also shall inform its managers and supervisors that, in accordance with it anti-harassment policy, its managers and supervisors have a duty to actively monitor their work areas to ensure employee compliance with Lockheed's anti-harassment policy, and to report any incidents and/or complaints of

- 8 -
LEGAL_US_W # 57899111.2

harassment and/or retaliation of which they become aware to the individuals charged with handling such complaints.

    b.    All LM ALC's management officials and Human Resources department staff who were involved in any way with Charles Daniels' complaints of harassment in Whidbey Island and in Hawaii shall attend an one-day EEO training by December 26, 2008. The purpose of said training shall be to give participants an understanding of harassment issues, particularly racial discrimination, including but not limited to what constitutes racial discrimination including harassment, sources of legal protection for discrimination victims, the employees' obligation to report racial discrimination and harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including discipline policies) and practices related to racial harassment and retaliation with LM ALC employees.

12.    **<u>Training Logistics</u>**.

With respect to the training required by Paragraph 11, above, LM ALC agrees to provide a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held. If the Commission has not objected to the description of the training program within seven (7) days of being given notice, such non-response shall be deemed an acknowledgment that the Commission does not object to the form, nature and content of the training. The Commission agrees to not

unreasonably object to LM ALC's program.

13. **Acknowledgment of Training Attendance**.

All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall acknowledge their attendance (through their hard copy or electronic signature) at the training, the date thereof, and their position. LM ALC shall retain these electronic verifications and provide the EEOC with a copy thereof upon request of the EEOC.

14. **Reporting**

   a. Training Report:

Within thirty (30) days of completion of the training required by this Consent Decree, LM ALC will send the EEOC verification of its completion of discrimination/harassment training for its employees.

   b. Racial Harassment Complaint Reports:

On June 5, 2008, January 5, 2009, and June 5, 2009, the Company will mail to counsel for the Commission a report of internal complaints of racial harassment made during the previous six (6) months to its Ethics Helpline, EEO Programs Office or other Human Resources Department; the report will contain the employee name, work location, and its resolution. The information LM ALC provides to the Commission in the course of meeting these reporting requirements will not constitute a Charge of discrimination/harassment or operate to toll any applicable statute of limitations.

15. **Expungement of Records and Disclosure of Information Regarding Charles Daniels' Employment**

  a. Lockheed Martin is enjoined from disclosing any information or making references to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Charles Daniels.

  b. Lockheed Martin shall expunge from Charles Daniels' personnel file any references to a charge of discrimination against Defendant and this lawsuit.

  c. From the date of entry of this Consent Decree, Lockheed Martin is enjoined from disclosing in response to inquiries from potential employers, any information regarding Charles Daniels' employment with Lockheed Martin, except as follows:

    i. In response to a specific inquiry, Lockheed Martin may disclose Charles Daniels' dates of employment, position held and final rate of pay;

    ii. Lockheed Martin may report any information as required by law to state or federal authorities; and

    iii. Lockheed Martin may disclose information under Court order.

  d. Within thirty (30) days from the date of entry of this Consent Decree, Lockheed Martin shall provide Charles Daniels with a letter stating Daniels' dates of employment and positions held. The original letter shall be sent to: Raymond T. Cheung, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

16. **Permanent Bar From Employment**

Lockheed Martin will terminate and permanently bar the employment

- 11 -

of the following individuals: Robert McGee, David Ader, Roy Coolidge, James Gutierrez and James Glenn.

## V. DISMISSAL WITHOUT PREJUDICE, RETENTION OF JURISDICTION, AND EXPIRATION OF CONSENT DECREE

17. The Commission hereby dismisses the Lawsuit without prejudice.

18. The Commission expressly retains the right to petition this Court for an extension of the Decree because of noncompliance until December 26, 2009 if the Commission determines that Lockheed Martin or LM ALC have not complied with the terms of this Consent Decree. If the Commission determines that Lockheed Martin or LM ALC have not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Lockheed Martin and will not petition the Court for an extension of the Consent Decree sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission successfully petitions the Court to extend the Consent Decree and the Court finds Lockheed Martin to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree by another six (6) months.

19. Except as provided in the preceding paragraph, two (2) years after the entry of this Consent Decree, this Lawsuit will be deemed to have be dismissed with prejudice without further action by the parties and without further Court Order.

DATED: January 14, 2008          Dated: January 14, 2008

__/s/ Raymond T. Cheung_____      __/s/ Elena R. Baca _____

Raymond T. Cheung                        Elena R. Baca
Senior Trial Attorney

                                          Kenneth S. Robbins

William R. Tamayo
Regional Attorney                            On Behalf of Defendant
                                          LOCKHEED MARTIN

David Offen-Brown
Supervisory Trial Attorney

Evangelina F. Hernandez
Senior Trial Attorney

On Behalf of Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

- 14 -

**IT IS SO ORDERED:**

Dated: _____          _____
**Hon. David Alan Ezra**
**United States District Court Judge**

LEGAL_US_W # 57899111.2